**FILED**
**Nov 22, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **HEATHER HENRY,** | ) | **Docket No. 2018-07-0730** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PERSONNELPLACEMENTS** | ) | **State File No. 89066-2017** |
| **HOLDINGS, LLC,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Shaterra R. Marion** |
| **BRICKSTREET MUTUAL INS. CO.,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER DENYING MEDICAL BENEFITS

---

At the November 16, 2023 Compensation Hearing, Ms. Henry asked that Personnel Placements pay for a new car made necessary by her work injury. Personnel Placements contended the injury did not cause the need for a new vehicle but offered to pay for modifications to an existing vehicle. For the following reasons, the Court denies Ms. Henry's request for a new vehicle.

### History of Claim

Ms. Henry's hands were crushed by a press on November 15, 2017. The Court entered a settlement order for permanent total disability and reasonable and necessary medical benefits on July 12, 2019. Per the agreement, her authorized physician was orthopedic surgeon Dr. Michael Dolan.

In October 2020, Dr. Dolan referred Ms. Henry to a certified driving rehabilitation specialist for evaluation. Personnel Placements authorized the evaluation, which she completed in March 2022.

1

The evaluation report recommended that Ms. Henry "drive with a modified vehicle that meets her needs." After review of the "vehicle modification recommendations" in the evaluation, Dr. Dolan ordered the following:

> After driving evaluation at Sports Plus Note with Norwood E. (Woody) Tatman… it has been determined that patient will need this equipment to obtain the maximum level of functional independence:
>
> 1. Vehicle equipped with a push button start with automatic transmission and push button gear engagement
> 2. Suregrip amputee ring with base attached to the steering when at the 10 o'clock position and a signal crossover device since she will be steering with her left UE and will not be able to access the signal stalk, unless the vehicle she has comes with the signal stalk on her right side
> 3. Rain sensitive windshield wipers that activate automatically when it is raining.

On at least two separate occasions, Personnel Placement requested Ms. Henry provide the vehicle to be modified to meet Dr. Dolan's order. Instead, Ms. Henry asked for a new car.

Ms. Henry testified that she currently owns an F150 truck, but she cannot operate it on her own. She stated that she does not want to submit it to Personnel Placements for modifications because she thinks modifications would damage the truck's security system. However, she admitted having no evidence of that concern.

Ms. Henry argued that Dr. Dolan's order requires Personnel Placements to purchase her a new car. Personnel Placements argued that Dr. Dolan's order was for modifications, which they have agreed to provide. Further, Personnel Placements argued that if Dr. Dolan did order a new car, it is not medical treatment as defined by Tennessee Workers' Compensation law.

**Findings of Fact and Conclusions of Law**

The only issue is whether Personal Placements must give Ms. Henry a new car to be modified. Ms. Henry must prove her entitlement to a new car by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2023). The Court finds she did not carry this burden.

When an employee suffers a compensable work-related injury, the Workers' Compensation Law states that an employer is required to provide "such medical and surgical treatment . . . and other reasonable and necessary apparatus . . . as ordered by the

2

attending physician . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A).

The Appeals Board has noted that judges are not well-suited to make independent medical determinations without expert medical testimony supporting that determination. *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). Further, parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments. *Id.*

Here, Ms. Henry asks the Court to interpret Dr. Dolan's September 29, 2022 order as requiring Personnel Placements to purchase her a new car. However, the Court does not have the medical testimony or records to support that interpretation. Instead, the records in evidence suggest "modifications." Further, no testimony exists from Dr. Dolan explaining whether he adopted the therapist's "vehicle *modification* recommendations" or ordered a new car.

Personnel Placements has offered to alter any vehicle Ms. Henry makes available with the modifications ordered by Dr. Dolan. Ms. Henry did not offer sufficient evidence supporting her request for a new car.

The Court does not need to address whether a new car is medically necessary as defined by Tennessee law, because the Court does not determine that the authorized treating physician ordered a new car.

In sum, Ms. Henry has not carried her burden of proving her entitlement to a new car.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Henry's request for a new car is denied.

2. Personnel Placements shall pay the $150.00 filing fee to the Clerk within five business days of this order becoming final, for which execution might issue as necessary.

3. Personnel Placements shall file Form SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final thirty days after entry.

3

**ENTERED November 22, 2023.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits
1. Order Approving Settlement and Settlement Agreement
2. Driving Evaluation Conducted March 16, 2022
3. Dr. Dolan's Order and Coversheet from September 9, 2022
4. Email dated May 4, 2022
5. Email dated December 7, 2022

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice and Additional Issues of Employer
3. Order Correcting Docket Number
4. Request for Expedited Hearing
5. Order Granting Motion to Exclude Deposition
6. October 16, 2023, Status Hearing Order
7. November 9, 2023, Status Hearing Order
8. Employer's Prehearing Brief and Exhibit List
9. Notice of Filing of Exhibits to Employer/Insurance's Expediated Hearing Brief and Witness & Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 22, 2023.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Spencer R. Barnes, Attorney for Employee | X | spence@morrisonandbarnes.com |
| Chad M. Jackson, Attorney for Employer | X | cjackson@morganakins.com |

_____
**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*